## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL KANODE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos. 1:09-1530 |
| | ) | 1:10-0407 |
| v. | ) | 1:11-0994 |
| | ) | 1:12-0157 |
| JUDGE DEREK SWOPE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Applications to Proceed Without Prepayment of Fees (Civil Action No.
09-1530, Document No. 1 and Civil Action No. 1:11-0994, Document No. 3.). Having examined
Plaintiff's Complaints, the undersigned has concluded that Plaintiff fails to state a claim for which
relief can be granted in this matter and therefore respectfully recommends that Plaintiff's
Applications to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On December 21, 2009, March 29, 2010, December 15, 2011, and January 25, 2012,
Plaintiff, acting *pro se* and in confinement at Huttonsville Correctional Complex in Huttonsville,
West Virginia, filed Complaints claiming entitlement to relief under 42 U.S.C. §1983.[1] (Civil Action
Nos. 1:09-1530, 1:10-0407, 1:11-0994, and 1:12-0157.) Plaintiff names the following as Defendants:
(1) Judge Derek C. Swope, Mercer County Circuit Court; (2) Anthony Bisaha, Mercer County
Family Court Judge; (3) Mary Ellen Griffith, Mercer County Family Court Judge; (4) Timothy D.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Boggess, Prosecuting Attorney; (5) Scott Ash, Assistant Prosecuting Attorney; (6) Mike L. Gills, Detective; (7) Mercer County Sheriffs Department; (8) Michael P. Cooke, Attorney; (9) McGinnis E. Hatfield, Jr., Attorney; (10) Thomas Evans, Attorney; (11) Robert Holroyd, Attorney; (12) R. Thomas Czarnik, Attorney; (13) Sherry Kanode; (14) West Virginia Department of Health and Human Resources and Child Protective Services; (15) Bureau for Child Support Enforcement, Charleston, West Virginia;(16) Bureau for Child Support Enforcement, Princeton, West Virginia; (17) State of West Virginia; (18) Southern Highlands Community Mental Health Center, Inc.; (19) Southern Regional Drug and Violent Crime Task Force; (20) West Virginia State Police Detachment, Princeton, West Virginia; (21) Sgt. Melissa Clemons; (22) Krista Ellison; (23) Sgt. Jose Centeno; and (24) Deputy J.D. Ellision. (Id.) Plaintiff alleges that the above Defendants subjected him to false imprisonment, excessive force, discrimination, malicious prosecution, unlawful search and seizure, ineffective assistance of counsel, defamation of character, libel, and slander. (Id.) By separate Order entered this day, the undersigned has consolidated the above actions.

In his Complaints, Plaintiff alleges that his constitutional rights were violated during two criminal proceedings (Case Nos. 07-F-206 and 07-F-330) in Mercer County Circuit Court. (Civil Action No. 09-01530, Document Nos. 2, 5, 6, 7, 8-1 and 8-2.) First, Plaintiff explains that on December 14, 2006, he was "arrested without a warrant and deprived of my personal and private property for a crime I was no part of or knew nothing about" in violation of his constitutional rights in Case No. 07-F-206. (Civil Action No. 09-01530, Document No. 5, pp. 1, and 3 - 4 and Document No. 8-2, p. 7 and Civil Action No. 11-0994, Document No. 1, pp. 6 - 9.) Plaintiff further alleges that police officers used excessive force during the December 14, 2006, arrest.(Civil Action No. 11-0994, Document No. 1, p. 7.) Plaintiff states that he was indicted on June 13, 2007, for Possession

2

of a Schedule I Controlled Substance, To Wit: Marijuana, Conspiracy, and Possession of a Schedule II Controlled Substance, To Wit: Methadone. (Civil Action 11-0994, Document No. 1, p. 4.) Plaintiff alleges that he was convicted of Possession of Marijuana on October 3, 2007, and that Judge Swope sentenced him to 6 months imprisonment on November 2, 2007. (Id.) Plaintiff explains that Defendant Clemons "used Sherry Kanode as an informant to entrap [him] into possessing drugs and coaxed Sherry Kanode into obtaining a Domestic Violence Protective Order against Plaintiff." (Civil Action No. 09-01530, Document No. 8-1, p. 10 and Document No. 8-2, p. 11.) Plaintiff states that he presented evidence proving his innocence on November 2, 2007, but Judge Swope "wrongfully convicted him for Sherry Kanode's crimes." (Id., Document No. 5, p. 1.) Plaintiff complains that Judge Swope improperly "deprived me of my property and false imprisoned me for 6 months." (Id.) Plaintiff further alleges that he was discriminated against based upon "the last name Kanode." (Document No. 5, p. 3.)

Second, Plaintiff contends that he was improperly convicted on January 22, 2008, for Malicious Assault, Burglary, Attempted Murder of the First Degree, Violation of a Protective Order, Wanton Endangerment, and Assault During the Commission of a Felony in Case No. 07-F-330. (Id., p. 2.) Plaintiff explains that "I was convicted due to [Sherry Kanode] giving a perjured testimony and was forced into saying I shot her when we both were shot due to an accident in a struggle to get the gun away from her." (Id.) Plaintiff alleges that the "detective and assistant prosecutor blew everything out of proportion with false statements in the media and by taking advantage of a well known mentally ill person's state of mind and threatening her into giving false testimony." (Id.) Plaintiff states that Defendant Mike Gills and J.D. Ellision failed to conduct an adequate investigation, failed "to look for fingerprints at the scene, [and] failed to conduct a gun residue test

3

on the alleged victim that would have shown she had fired a gun that night." (Id., Document No. 8-1, pp. 8 - 9.) Plaintiff alleges that he is still friends with Sherry Kanode "and Sherry told me that she was threatened and told if she didn't tell them I shot her and testify to it that they were going to take the baby and lock her up, which they did anyway after they got done using her to do their dirty work." (Id., Document No. 5, p. 3; Document No. 8-1, pp. 6, 9, 15.) Plaintiff claims that Judge Swope denied him a fair and impartial trial and imposed an excessive sentence because Plaintiff filed an ethics complaint against Judge Swope. (Id., Document No. 5, pp. 2 - 3, Document No. 7, p. 4, Document No. 81-1, pp. 7, 13.) In support, Plaintiff explains that he "filed at least 30 motions in the Mercer County Circuit Court during his criminal trial (Indictment No. 07-F-330) . . ., and Judge Swope did not in any instance rule in Plaintiff's favor." (Document No. 81-1, p. 7.)

Third, Plaintiff contends that he was denied a fair and impartial hearing regarding his child custody and divorce proceedings due to improper conduct of Judge Mary Ellen Griffith and McGinnis Hatfield. (Civil Action No. 09-01530, Document No. 5, p. 6 and Civil Action No. 1:10-0407, Document No. 1, p. 19.) Plaintiff asserts that Defendant Griffith allowed improper "proceedings to be heard in court, which later caused my daughter to be taken away." (Civil Action No. 1:10-0407, Document No. 1, p. 19.) Plaintiff states that McGinnis Hatfield was appointed as a Guardian Ad Litem to represent Plaintiff at the divorce proceedings. (Civil Action No. 09-01530, Document No. 5, p. 6 and Document No. 8-2, p. 9.) Plaintiff, however, complains that Defendant Hatfield acted ineffectively because he failed to adequately communicate with Plaintiff prior to the divorce hearing. (Id.) Plaintiff alleges that the "final divorce hearing was held without the Plaintiff's presence, which denied Plaintiff his right to testify meaningfully on his own behalf." (Civil Action No. 09-01530, Document No. 8-2, p. 9.) As a result, Plaintiff contends that he was deprived of his

4

property rights and his daughter's life was put in danger. (Id., pp. 9- 10, and Civil Action No. 11-0994, Document No. 1, p. 10) Plaintiff explains that his child was taken into protective custody by the West Virginia Department of Health and Human Resources after the divorce was granted based upon Sherry Kanode's mental illness and drug use. (Civil Action No. 09-01530, Document No. 8-2, pp. 9 - 10.)

Fourth, Plaintiff contends that Judge Swope deprived him of his property as a result of an improper forfeiture hearing (07-C-141) on January 25, 2010. (Civil Action No. 10-0407, Document 1, p. 24.) Plaintiff alleges that he was not "aware of this hearing until it was over." (Id.) Plaintiff acknowledges that he was represented by counsel at the forfeiture hearing, but complains that he was not personally present at the hearing. (Civil Action No. 11-0994, Document No. 1, p. 4.)

Fifth, Plaintiff claims that Defendants conspired to prosecute and wrongfully convict him of crimes he did not commit. (Civil Action No. 1:09-01530, Document No. 7 and Civil Action No. 11-0994, pp. 10 - 11.) Specifically, Plaintiff states that Timothy Boggess, Scott Ash, Deborah Garton, and Nissa Kahle "conspired against him by coercing his son Michael J. Kanode, Jr., to alter his testimony to fit the scenario put forth by the prosecution at his criminal trial (Indictment No. 07-F-330) held on January 22 and January 23, 2008, in Mercer County Circuit Court."[2] (Civil Action No. 1:09-01530, Document No. 8-1, p. 6.) Plaintiff states that Defendant Cooke, his court appointed counsel, conspired with other Defendants to wrongfully convicted Plaintiff. (Id., pp. 12 - 13.) Plaintiff states that Defendant Cooke "worked for the State more than he did the Plaintiff as a

---

[2]   The undersigned further notes that prosecutors and attorney generals are entitled to absolute immunity for their decisions regarding prosecutorial functions, carrying out their official duties, and "for initiating a prosecution and in presenting the State's case." *Imbler v. Patchman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ostrzenski v. Seigel*, 177 F.3d 245 (4th Cir. 1999).

lawyer" and he "worked for Southern Highlands Mental Hospital where the victim, Sherry Kanode, . . .was committed." (Id.) Plaintiff explains that "defendants discriminated against him because of the ongoing problems Mercer County Authorities were having with his cousin, Rickey Kanode, and were vindictive against the Plaintiff because of Rickey Kanode's behavior in the community." (Id., p. 6)

Finally, Plaintiff contends that attorneys Michael P. Cooke, McGinnis Hatfield, Jr., R. Thomas Czarnik, Thomas Evans, and Robert Holroyd acted ineffectively and violated the Rules of Professional Conduct. (Civil Action No. 12-0157, pp. 8 - 10.) Plaintiff alleges that the improper conduct of the above attorneys resulted in his wrongful criminal conviction, loss of his property rights, and loss of his parental rights. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

## 1.    **Improper Parties:**

Plaintiff names as Defendants the Mercer County Sheriffs Department, West Virginia Department of Health and Human Resources and Child Protective Services, Bureau for Child Support Enforcement, Charleston, West Virginia, Bureau for Child Support Enforcement, Princeton, West Virginia, State of West Virginia, Southern Highlands Community Mental Health Center, Inc., Southern Regional Drug and Violent Crime Task Force, and West Virginia State Police Detachment, Princeton, West Virginia. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45

(1989)(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment). Accordingly, the undersigned finds that the above named Defendants must be dismissed because they are not "persons" as required by Section 1983.

**2.    Heck:**

Plaintiff alleges that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Mercer County. Specifically, Plaintiff challenges the validity of his January 23, 2008, conviction (Case No. 07-F-330) based on the following: unreasonable search and seizure, insufficient evidence to support conviction, presentment of perjured testimony, malicious prosecution, jury bias, judicial prejudice, excessive sentence, and ineffective assistance of counsel. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during his criminal trial in the Circuit Court of Mercer County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that

8

an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff appealed his conviction to the West Virginia Supreme Court, and West Virginia Supreme Court denied Plaintiff's appeal. State v. Kanode, Case No. 082384 (W.Va. April 7, 2009). Plaintiff filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody with this Court on September 19, 2008. By Memorandum Opinion and Order entered on July 5, 2011, United States District Judge Faber denied his Section 2254 Petition. Kanode v. State, 08-1113 (S.D.W.Va. July 5, 2011). The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

**3.    Statute of Limitations:**

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from

the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[3] Additionally, the applicable

period of limitations for a claim of false arrest and false imprisonment is one-year. Wilt v. State

Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's

Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Although the limitation period

is borrowed from State law, the question of when a cause of action accrues is answered according

to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under

federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm

done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House

of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134

L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62

L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury

was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp.,

960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action

accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by

the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry

would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a

---

[3] West Virginia Code § 55-2-12 provides as follows:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" <u>Brooks</u>, 85 F.3d at 181 (citations omitted).

Plaintiff's Complaints allege that he was unlawfully arrested and detained in violation of his constitutional rights because there was no warrant and there was insufficient evidence to support his arrest (Case No. 07-F-206). A Section 1983 claim for false arrest or false imprisonment accrues when the claimant is detained pursuant to legal process.[4] <u>Wallace v. Kato</u>, 549 U.S.384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").[5] Plaintiff states that he was arrested on December 14, 2006. Accordingly, by applying the West Virginia one-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired on December 14, 2007, one-year from the date Plaintiff was detained pursuant to legal process. Plaintiff filed his first Complaint on December 21, 2009. Accordingly, the one-year statute of limitations has run as to Plaintiff's claim of false arrest.[6]

---

[4] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 127 S.Ct. at 1095.

[5] Generally, a plaintiff knows of his injuries in a cause of action for false arrest without probable cause on the date of his arrest. Thus, a cause of action for false arrest will accrue at the time of arrest. *See Covington v. City of New York*, 171 F.3d 117 (2d Cir.), *cert. denied*, 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Rose v. Bartle*, 871 F.2d 331, 348-49, 351 (3d Cir. 1989).

[6] It is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an

Plaintiff further alleges that police officers used excessive force during his arrest on December 14, 2006. As stated above, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued and a cause of action accrues when a plaintiff has knowledge of his claim or injury. The undersigned concludes that Plaintiff's cause of action accrued no later than December 14, 2006, the date excessive force was alleged used upon Plaintiff. Applying the West Virginia two-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action expired on December 14, 2008, two-years from the date Plaintiff became aware of any injury resulting from Defendants' use of excessive force. Plaintiff filed his first Complaint on December 21, 2009. Accordingly, the two-year statute of limitations has run as to Plaintiff's excessive force claim.

**4.**     **Defendants Cooke, Hatfield, Evans, Holroyd, Czarnik, and Kanode:**

In his Complaints, Plaintiff contends that Defendant Michael P. Cooke, McGinnis E. Hatfield, Jr., Thomas Evans, Robert Holroyd, and R. Thomas Czarnik violated his constitutional rights by providing ineffective assistance of counsel. Plaintiff also alleges that Defendant Sherry Kanode violated his constitutional rights by giving false testimony. Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. First, the Court finds that Defendants Cooke, Hatfield, Evans, Holroyd, and Czarnik were not "state actors." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, ___ U.S. ___, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike

_____

arrest or prosecution." *Rhodes v. Smithers*, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995).

Case 1:09-cv-01530   Document 13   Filed 02/22/12   Page 13 of 18 PageID #: 182


a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Next, the undersigned finds that although Sherry Kanode may have been called as a witness for the State, she was not a "state actor" for purposes of Section 1983.[7] "[P]rivate citizen witnesses are not 'state actors' . . . under § 1983." Nelson v. Thornsbury, 2010 WL 1038509 (S.D.W.Va. Jan. 12, 2010); also see Hall v. Watson, 2007 WL 1447755 (D.S.C. May 11, 2007)(finding that a detective "testifying as a witness at the preliminary hearing, was not a state actor.") Thus, Plaintiff cannot pursue a Section 1983 claim against Defendants Cooke, Hatfield, Evans, Holroyd, Czarnik, and Kanode.

**5.    Plaintiff's Claim of Conspiracy:**

The undersigned finds that Plaintiff's conclusory allegations of a conspiracy do not establish a constitutional violation. Specifically, Plaintiff alleges that Judge Swope, Prosecutor Boggess, and Assistant Prosecutor Ash conspired against him based upon his "last name 'Kanode'." To allege a claim of conspiracy, Plaintiff must establish the following elements: (1) an agreement between two

---

[7] Even assuming Sherry Kanode was a state actor, she would be entitled absolute immunity. Witnesses who testify in Court, including police officers, are absolutely immune from any claims relating to their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony").

or more persons, which constitutes the act, and (2) the doing of either an unlawful act or a lawful act by unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996), cert. denied, 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim. See Brown v. Angelone, 938 F.Supp. 340, 346 (W.D. Va. 1996). Plaintiff does not allege any facts to establish that the above Defendants formed an agreement to falsely arrest or improperly prosecute Plaintiff based upon insufficient evidence and his conspiracy claim, therefore, does not rise to the level of constitutional magnitude.

**6.      Domestic Relations Exception:**

The undersigned finds that the "domestic relations exception" to federal jurisdiction applies to Plaintiff's claims regarding the child custody and divorce proceedings. See Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Barber v. Barber, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In Ankenbrandt, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 703-04, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. In the instant case, Plaintiff is dissatisfied with the child custody and divorce order issued by the Circuit Court and Family Court of Mercer County, West Virginia. Although Plaintiff appears to raise his claims as one of due process, he is actually requesting that this Court invalidate a State Court's order. Accordingly, the undersigned recommends that the District Court invoke the domestic relations exception and dismiss this claim for lack of subject matter jurisdiction.

**7.     _Rooker-Feldman_ Doctrine:**

"Under the _Rooker-Feldman_ doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the _Rooker-Feldman_ doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court and Family Court of Mercer County. In support of his request, Plaintiff alleges as follows: (1) Judge Swope improperly took his property during a forfeiture hearing (Case No. 07-C-141); (2) Judges Griffith and Bisaha improperly placed his child in the custody of Sherry Kanode; (3) Judges Griffith and Bisaha improperly awarded

property to Sherry Kanode during divorce proceedings. Plaintiff claims that Judges Swope, Griffith, and Bisaha denied him the right to due process by failing to ensure that he received notice and was present at the hearings. Plaintiff further appears to challenge the adequacy of evidence presented during the forfeiture, child custody, and divorce proceedings. Thus, Plaintiff is essentially requesting that this Court review the decisions of the Circuit Court and Family Court of Mercer County. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State Court decision to this Court.

**8.    Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Complaints, the undersigned

16

finds that Judges Swope, Griffith, and Bisaha are absolutely immune from suit. Plaintiff appears to argue that Judges Swope, Griffith, and Bisaha were unfairly prejudicial because Plaintiff's last name was "Kanode." As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, Plaintiff's claim against Judges Swope, Griffith, and Bisaha must be dismissed.

**9.     State Law Claims:**

Viewing Plaintiff's claims against the Defendants as constituting a tort claim of libel or slander under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction.[8]

PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Civil Action No. 09-1530, Document No. 1 and Civil Action No. 1:11-0994, Document No. 3.), **DISMISS** Plaintiff's Complaints (Civil Action No. 1:09-1530, Document Nos. 2, 5, 6, 7, 8-1, 8-2; Civil Action No. 1:10-0407, Document Nos. 1, 3-1; Civil Action No. 1:11-0994, Document No. 1; and Civil Action No 1:12-0157, Document No. 1.) and remove this matter from the Court's docket.

---

[8] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mineworkers of America v. Gibbs*, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.)

17

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 22, 2012.

R. Clarke VanDervort
United States Magistrate Judge

18