```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**MICHAEL KANODE, SR.,**

    **Plaintiff,**

**v.**                                              CIVIL ACTION NOS. 1:09-1530
                                                                                                                                                                       1:10-0407
                                                                                                                                                                       1:11-0994
                                                                                                                                                                       1:12-0157

**JUDGE DEREK SWOPE, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

      By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on February 22, 2012, in which he recommended that the court deny plaintiff's motion to proceed without prepayment of fees, dismiss plaintiff's complaints, and remove these matters from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. On February 29, 2012, plaintiff filed a motion for an extension of time to file his objections. (Doc. No. 15). That motion is hereby **GRANTED** and his objections

filed on March 19, 2012, are deemed to have been timely filed. With respect to those objections, the court has conducted a <u>de novo</u> review.

## I.  Factual and Procedural Background

On December 21, 2009, March 29, 2010, December 15, 2011, and January 25, 2012, plaintiff filed Complaints and a Petition for Writ of Mandamus claiming entitlement to relief under 42 U.S.C. § 1983.  (Civil Action Nos. 1:09-1530, 1:10-0407, 1:11-0994, and 1:12-0157).  By Order entered on February 22, 2012, Magistrate Judge VanDervort consolidated the four civil actions. Plaintiff, proceeding pro se, is currently an inmate at Huttonsville Correctional Complex in Huttonsville, West Virginia.  Named as defendants are:
(1) Judge Derek C. Swope, Mercer County Circuit Court;
(2) Anthony Bisaha, Mercer County Family Court Judge;
(3) Mary Ellen Griffith, Mercer County Family Court Judge;
(4) Timothy D. Boggess, Prosecuting Attorney; (5) Scott Ash, Assistant Prosecuting Attorney; (6) Mike L. Gills, Detective; (7) Mercer County Sheriff's Department; (8) Michael P. Cooke, Attorney; (9) McGinnis E. Hatfield, Jr., Attorney; (10) Thomas Evans, Attorney; (11) Robert Holroyd, Attorney; (12) R. Thomas Czarnik, Attorney; (13) Sherry Kanode; (14) West Virginia Department of Health and Human Resources and Child Protective Services; (15) Bureau for Child Support Enforcement, Charleston,

West Virginia; (16) Bureau for Child Support Enforcement, Princeton, West Virginia; (17) State of West Virginia; (18) Southern Highlands Community Mental Health Center, Inc.; (19) Southern Regional Drug and Violent Crime Task Force; (20) West Virginia State Police Detachment, Princeton, West Virginia; (21) Sgt. Melissa Clemons; (22) Krista Ellison; (23) Sgt. Jose Centeno; and (24) Deputy J.D. Ellison.

In his Complaints, Kanode alleges that his constitutional rights were violated during two criminal proceedings, Case Nos. 07-F-206 and 07-F-330, in Mercer County Circuit Court.  According to plaintiff, on December 14, 2006, he was arrested without a warrant and in violation of his constitutional rights in Case No. 07-F-206.  He further alleges that police officers used excessive force during the arrest.  Plaintiff states that, on June 13, 2007, he was indicted for Possession of a Schedule I Controlled Substance, To Wit: Marijuana, Conspiracy, and Possession of a Schedule II Controlled Substance, To Wit: Methadone.  Plaintiff contends that he was convicted of marijuana possession on October 3, 2007, and sentenced to 6 months imprisonment by Judge Swope. Plaintiff asserts that Defendant Clemons used Sherry Kanode, his wife, as an informant to entrap him into possessing drugs and coaxed Sherry Kanode into obtaining a Domestic Violence Protective Order against him.  According to Kanode, Judge Swope wrongly convicted him and falsely imprisoned him for 6 months.

He further alleges that he was discriminated against because his last name is "Kanode."

The second criminal proceeding of which plaintiff complains concerns his January 22, 2008, conviction for Malicious Assault, Burglary, Attempted Murder of the First Degree, Violation of a Protective Order, Wanton Endangerment, and Assault During the Commission of a Felony in Case No. 07-F-330. According to plaintiff, he was wrongfully convicted because Sherry Kanode committed perjury by saying he shot her when, in fact, they were both shot during plaintiff's efforts to get a gun away from her. Plaintiff contends that the detective and assistant prosecutor gave false statements and encouraged Sherry Kanode to testify falsely. He also argues that Defendants Gills and Ellison failed to conduct an adequate investigation. Kanode further contends that Judge Swope denied him a fair and impartial trial and imposed an excessive sentence upon him because he had filed an ethics complaint against Judge Swope. In support of this contention, plaintiff states that he filed more than 30 motions during his trial and none were decided in his favor.

Plaintiff also contends that he was denied a fair and impartial hearing during his child custody and divorce proceedings. According to Kanode, Judge Mary Ellen Griffith, allowed improper "proceedings to be heard in court, which later caused my daughter to be taken away." Civil Action No. 1:10-

0407, Doc. No. 1, p. 19.  He also asserts that McGinnis Hatfield, his court-appointed guardian ad litem provided ineffective assistance of counsel.

Next plaintiff complains of a forfeiture proceeding before Judge Swope which he argues improperly denied him of property.  Although he was represented by counsel at the hearing, plaintiff complains that he was not personally present to represent his interests.

Plaintiff's next complaint is that certain of the defendants conspired to prosecute and wrongfully convict him of crimes he did not commit.  Specifically, plaintiff contends that Timothy Boggess, Scott Ash, Deborah Garton, and Nissa Kahle conspired against him by coercing unfavorable testimony from his son.  Plaintiff also contends that Defendant Cooke, his court-appointed counsel, conspired with the other defendants to wrongfully convict him.  He also complains that Cooke worked for Southern Highlands Community Mental Health Hospital where Sherry Kanode was committed.

Finally, plaintiff contends that attorneys Cooke, Hatfield, Czarnik, Evans, and Holroyd provided ineffective assistance of counsel which, in turn, resulted in his wrongful criminal conviction, loss of property rights, and loss of parental rights.

5

## II.  Analysis

Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim under federal law.  Therefore, in order to prevail on his civil rights claims under 42 U.S.C. § 1983, plaintiff must establish, first, that he was deprived of a right secured by the constitution or laws of the United States, and second, that the defendant(s) acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

***Objection No. 1: Dismissal of Improper Parties***

Magistrate Judge VanDervort recommended that the following defendants be dismissed as they are not "persons" under Section 1983: 1) the Mercer County Sheriffs Department; 2) West Virginia Department of Health and Human Resources and Child Protective Services; 3) Bureau for Child Support Enforcement, Charleston, West Virginia; 4) Bureau for Child Support Enforcement, Princeton, West Virginia, 5) State of West Virginia; 6) Southern Highlands Community Mental Health Center, Inc.; 7) Southern Regional Drug and Violent Crime Task Force; and 8) West Virginia State Police Detachment, Princeton, West Virginia.  According to Kanode, Magistrate Judge VanDervort "erred in his application of the law to these defendants" because, under Monell v. Dept. of Social Servs., 436 U.S. 658

(1978), "municipal corporations can be held liable under § 1983." Objections at p. 2.

Plaintiff is correct that the Supreme Court in Monell held that local governments, municipal corporations and school boards were "persons" under section 1983. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). However, the Court has also made clear that a State is not a "person" for purposes of section 1983 litigation. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). As the Court said:

> [I]t does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not, . . . and we consequently limited our holding in Monell "to local government units which are not considered part of the State for Eleventh Amendment purposes[.] Conversely, our holding here does not cast any doubt on Monell, and applies only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes.

Id. at 70 (internal citations omitted). Based upon Magistrate Judge VanDervort's citation to Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989), it is clear that he considered the aforementioned parties to be the State or "arms of the State" and, as such, entitled to Eleventh Amendment immunity. Accordingly, no discussion of municipal liability under Monell was warranted. For this reason, to the extent that Kanode objects to Magistrate Judge VanDervort's recommended dismissal of the West Virginia Department of Health and Human Resources and

Child Protective Services; Bureau for Child Support Enforcement, Charleston, West Virginia; Bureau for Child Support Enforcement, Princeton, West Virginia; Southern Highlands Community Mental Health Center, Inc.; the State of West Virginia; and West Virginia State Police Detachment, Princeton, West Virginia, that objection is **OVERRULED** because these parties are "arms of the State" and cannot be sued under § 1983.  However, as to the Mercer County Sheriffs Department and the Southern Regional Drug and Violent Crime Task Force, the objection is **SUSTAINED** because, on the record before it, the court cannot conclude that these parties are entitled to Eleventh Amendment immunity.[1]

### *Objection No. 2: Dismissal of Certain Claims Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)*

In his PF&R, Magistrate Judge VanDervort recommended that the court dismiss plaintiff's challenge to his January 23, 2008, conviction for failure to state a cognizable claim under Section 1983 pursuant to Heck.  In Heck, the Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[1] These defendants are dismissed, however, as the claims against them are barred by the applicable statutes of limitations.  See Discussion of Objection No. 3 supra.

>question by a federal court's issuance of a writ
>of habeas corpus, 28 U.S.C. § 2254. A claim for
>damages bearing the relationship to a conviction
>or sentence that has not been so invalidated is
>not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because plaintiff had not demonstrated that his criminal conviction has been invalidated, the magistrate judge recommended that plaintiff's claims be dismissed. In his objections, Kanode contends the magistrate judge erred because "recently the Circuit Court of Mercer County, West Virginia ruled in plaintiff's favor and vacated several of the convictions the plaintiff had been convicted of in Mercer County." Objections at pp. 3-4. However, there is nothing in the record to support plaintiff's assertion that his conviction has been vacated.

For the reasons explained above, plaintiff's objection is OVERRULED.

### *Objection No. 3: Statute of Limitations*

Magistrate Judge VanDervort recommended that plaintiff's claims for false arrest and false imprisonment be dismissed as barred by the applicable one-year statute of limitations and that his excessive force claim be dismissed as barred by the two-year statute of limitations. Plaintiff objects to the magistrate judge's conclusions, arguing that because he "is still reaping the adverse effects of his property being illegally confiscated, he is still incarcerated because of the conspiracies of the

defendants to convict him, he still is separated from his daughter and his family has been torn apart by the negligence of the defendants" that the statute of limitations has not run because he is suffering a "continuous or repeated injury."

The continuing tort doctrine has no application to plaintiff's claims. "[T]he distinguishing aspect of a continuing tort with respect to negligence actions is continuing tortious conduct, that is a continuing violation of a duty owed the person alleging injury, rather than continuing damages emanating from a discrete tortious act. It is the continuing misconduct which serves to toll the statute of limitations under the continuing tort doctrine." Mowery v. Logan County Board of Educ., Civil Action No. 2:11-00050, 2012 WL 895921, *3 (S.D.W. Va. Mar. 15, 2012) (quoting Roberts v. W. Va. Am. Water Co., 221 W. Va. 373, 655 S.E.2d 119, 124 (W. Va. 2007)). The acts complained of – false arrest, false imprisonment, and excessive force - are discrete tortious acts. Plaintiff does not complain of continuing tortious conduct, which is required for the continuing tort doctrine to apply, but rather of continuing injury. For this reason, plaintiff's third objection is OVERRULED.

### *Objection No. 4: Dismissal of Defendants Cooke, Hatfield, Evans, Holroyd, and Czarnik*

In his various filings, Kanode alleges that defendants Michael P. Cooke, McGinnis E. Hatfield, Jr., Thomas Evans, Robert

Holroyd, and R. Thomas Czarnik violated his constitutional rights by providing ineffective assistance of counsel. Magistrate Judge VanDervort recommended that these defendants be dismissed because, as Kanode's attorneys, they were not "state actors" for purposes of 42 U.S.C. § 1983. See Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). Relying on the Court's decision in Tower v. Glover, 467 U.S. 914 (1984), Kanode contends that his attorneys conspired with state actors to deprive him of his civil rights and, therefore, they are considered state actors for purposes of 42 U.S.C. § 1983.

It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 325 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert. denied, 454 U.S. 1141 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to

11

suit under § 1983."). However, counsel does act "under color of state law" within the meaning of Section 1983 when engaged in a conspiracy with state officials to deprive the defendant of federal rights. Tower v. Glover, 467 U.S. 914, 916 (1984).

Kanode has not sufficiently alleged a conspiracy claim involving his attorneys. He merely states that he "is claiming that the above named defendants conspired with state officials to deprive him of his civil rights." Objections at 5. As the United States Court of Appeals for the Third Circuit noted in dismissing a similar conspiracy claim:

> Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must include "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed.2d 517 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). Thus, a "plaintiff should plead basic facts, such as they are, for those are 'the grounds' upon which the plaintiff's claim rests." In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005). Albrecht, however, fails to plead even "basic facts" in support of his allegation that the prosecutor worked "in collusion" with the defendants. Albrecht does not suggest that the prosecutor entered into an agreement with the defense, nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law. The prosecution's participation in the case does not by itself, of course, support the existence of any conspiracy. Thus, the complaint clearly

fails to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Accordingly, Albrecht's complaint fails to sufficiently allege that Hamilton and Clash conspired with a state actor so as to state a claim under Tower.

Albrecht v. Hamilton, No. 06-4313, 2007 WL 1217955, *2 (3d Cir. Apr. 26, 2007). As in Albrecht, plaintiff's complaints fail to give defendants fair notice of plaintiff's claims and the grounds upon which the claims rest. Accordingly, Kanode's general averment of conspiracy does not convert defendants into state actors for purposes of Section 1983. For this reason, his objection is OVERRULED.

### *Objection No. 5: Dismissal of Conspiracy Claims*

Magistrate Judge VanDervort also found that plaintiff's conclusory allegations of a conspiracy claims did not establish a constitutional violation. Kanode argues that under the liberal construction to be given pro se filings, that he has adequately set forth his conspiracy claims. The court disagrees.

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (footnote omitted). "Although a pro se complaint is liberally construed, an allegation of conspiracy requires more than conclusory allegations." Salahuddin v. Cuomo, 861 F.2d 40,

13

43 (2d Cir. 1998) (applying the heightened requirement for conspiracy claims in a pro se § 1983 action).

Although Plaintiff alleges a conspiracy between the various Defendants, the Court is not required to accept such conclusory statements as true. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaints are devoid of specific facts to plausibly suggest that a conspiratorial agreement existed between any of the named defendants.

Based on the foregoing, plaintiff's objection is OVERRULED.

### *Objection No. 6: Dismissal of Sherry Kanode*

Magistrate Judge VanDervort recommended the dismissal of Sherry Kanode as she was not a "state actor" for purposes of Section 1983. According to plaintiff, Sherry Kanode should be treated as a state actor because she was "a paid informant working for the West Virginia State Police." Objections at 5.

Even if Sherry Kanode were deemed to be a state actor, she is entitled to absolute immunity for any testimony that she gave as a witness in a judicial proceeding. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983) (witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony"). Furthermore, "[t]he doctrine enunciated in Briscoe v. Lahue also shields from liability alleged conspiracies to give false and incomplete

14

testimony in judicial proceedings." <u>Alioto v. City of Shively, Kentucky</u>, 835 F.2d 1173, 1174 (6th Cir. 1987).  For this reason, plaintiff's claims against Sherry Kanode based on her allegedly perjured testimony, should be dismissed.[2]  Therefore, plaintiff's objection is OVERRULED.

### *Objection No. 7: Domestic Relations Exception*

Magistrate Judge VanDervort found that the "domestic relations exception" to federal jurisdiction applied to plaintiff's claims regarding his child custody and divorce proceedings.  According to Magistrate Judge VanDervort, plaintiff is actually asking this court to invalidate the state court's orders, under the guise of a due process claim.  Plaintiff objects to this finding, arguing that he is merely asking for an award of damages in relationship to defendants' undertakings with respect to the child custody and divorce proceedings.

The domestic relations exception does not undermine federal question jurisdiction where it otherwise exists.  <u>Reale v. Wake County Human Services</u>, No. 12-1045, 2012 WL 1564161, *1 (4th Cir. May 4, 2012).  "The exception is statutory, not constitutional, in nature, and derives from construction of the diversity jurisdiction statute."  <u>Id.</u>  Therefore, the domestic

---

[2] As discussed above, plaintiff's claims against Sherry Kanode for her involvement in his alleged false arrest and imprisonment are barred by the statute of limitations.

relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has not generally recognized application as a limitation on federal question jurisdiction." United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997). Jurisdiction in this case is founded on federal question, i.e., 42 U.S.C. § 1983. Because diversity of citizenship does not exist, the domestic relations exception is not implicated. See Reale, 2012 WL 1564161 at *1 (holding that because complaint brought pursuant to 42 U.S.C. § 1983 was "based on federal question jurisdiction, not diversity of citizenship, the domestic relations exception does not limit the district court's jurisdiction over it."). Accordingly, plaintiff's objection is **SUSTAINED**.

### *Objection No. 8: Application of Rooker-Feldman*

In the PF&R, Magistrate Judge VanDervort noted that plaintiff was "essentially asking this Court to review and reject the findings of the Circuit Court and Family Court of Mercer County. . . [by alleging] (1) Judge Swope improperly took his property during a forfeiture hearing (Case No. 07-C-141); (2) Judges Griffith and Bisaha improperly placed his child in the custody of Sherry Kanode; [and] (3) Judges Griffith and Bisaha improperly awarded property to Sherry Kanode during divorce proceedings." PF&R at pp. 15-16. Noting that the Rooker-Feldman doctrine barred this court's consideration of those decisions,

16

Magistrate Judge VanDervort recommended the dismissal of those claims. In his objections, Kanode argues that the Rooker-Feldman doctrine does not apply because he was never given a hearing in the state court proceedings or issued "more than a scant memorandum order." Objections at 7.

As our appeals court has noted:

> The Rooker- Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, ---- - ----, 125 S. Ct. 1517, 1521-22, 161 L. Ed.2d 454 (2005); see Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed.2d 775 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). The doctrine preserves federalism by ensuring respect for the finality of state court judgments, and it preserves the separation of powers by ensuring that federal district courts exercise only original jurisdiction and that review of state court judgments is conducted only by the United States Supreme Court, as Congress has instructed. See Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000).

Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). According to the Supreme Court, the doctrine applies if the following conditions are met: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of `injuries caused by state-court judgments;' (3) the state court judgment

17

became final before the proceedings in federal court commenced; and (4) the federal plaintiff `invit[es] district court review and rejection of those judgments.'" <u>Willner v. Frey</u>, No. 06-1432, 2007 WL 2227816, *2 (4th Cir. Aug. 3, 2007) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).

Based on the foregoing, it is clear that this court lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine to the extent that plaintiff is asking this court to review issues already decided by the state courts.  Accordingly, plaintiff's objection is **OVERRULED**.

*Objection No. 9: Judicial Immunity*

Magistrate Judge VanDervort recommended that defendants Swope, Griffith, and Bisaha be dismissed from the lawsuit(s) because the claims against them are barred by the doctrine of judicial immunity.  Kanode objects to the dismissal of these defendants arguing that "[i]t is clear from the factual allegations raised in the plaintiff's complaint that the defendants Swope, Griffin [sic], and Bisaha were acting outside the scope of their offices when they violated the plaintiff's civil rights."  Objections at p. 7.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." <u>Pearson v.</u>

18

Ray, 386 U.S. 547, 553-54 (1967).  Judicial immunity applies even where a "judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judge's should be at liberty to exercise their functions with independence and without fear of consequences." Mireles v. Waco, 502 U.S. 9, 12-13 (1991).  Only when a judge has acted in "clear absence of all jurisdiction" does judicial immunity not attach to a judge's actions.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

In determining whether a judge's action is a judicial one for purposes of immunity, a court is to consider "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and [ ] the expectations of the parties, i.e., whether they dealt with the judge in his official capacity."  Id. at 362.  Significantly, "a judge's immunity is not pierced by allegations that he conspired with others to do an allegedly unlawful act so long as the act is within his judicial powers." Plotzker v. Lamberth, Civil No. 3:08cv00027, 2008 WL 4706255, *4 (W.D. Va. Oct. 22, 2008) (citing Dennis v. Sparks, 449 U.S. 24 (1980)).

Notwithstanding plaintiff's claims to the contrary, it is clear that all of the actions taken by Judges Swope, Griffith, and Bisaha were taken in the course of their official capacities

19

as judges. None of the allegations in plaintiff's complaints can be construed as alleging action taken outside of official capacity nor is there any indication that the judges lacked jurisdiction to hear the cases of which plaintiff complains. Accordingly, defendants are absolutely immune from suit and plaintiff's objection thereto is OVERRULED.

### III. Conclusion

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DENIES** plaintiff's motion to proceed without prepayment of fees, **DISMISSES** plaintiff's complaints and/or petitions for writ of mandamus, and directs the Clerk to remove these matters from the court's docket.[3]

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 28th day of September, 2012.

ENTER:

*David A. Faber (signature)*

David A. Faber
Senior United States District Judge

---

[3] The petition for a writ of mandamus, filed on February 28, 2012, (doc. No. 14), was filed after Magistrate Judge VanDervort issued his Proposed Findings & Recommendation. Accordingly, it is DENIED as moot.